IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Donald Pack, | ) | Civil Action No.: 9:17-2271-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Donald Pack's ("Plaintiff") claim for disability benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Bristow Marchant, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court reverse the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) and remand the case to the Commissioner for reevaluation and further administrative action. The Commissioner filed objections to the Report, and Plaintiff filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules the Commissioner's objections.

**BACKGROUND**

Plaintiff filed applications for disability insurance benefits and supplemental security income on December 31, 2013, and January 14, 2014, respectively, alleging a disability onset date of July 15, 2010, due to schizoaffective disorder, panic/anxiety disorder, fibromyalgia, chronic neck pain, and chronic pain in the right leg. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on June 3, 2016, and at chiwh a medical expert, Richard Anderson, Ph.D., testified. A subsequent hearing was held on February 2, 2016, and on July 26, 2016, the ALJ issued a decision denying Plaintiff's claims. Plaintiff requested review, which was denied by the Appeals Council, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on August 25, 2017.

**STANDARDS OF REVIEW**

I. **The Magistrate Judge's Report**

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

II. **Judicial Review of a Final Decision**

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

3

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2010, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: schizophrenia, anxiety disorder with panic attacks and agoraphobia, depression, fibromyalgia, mild carpal tunnel syndrome, mild degenerative disc disease, and obesity. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work

as defined in 20 C.F.R. §§ 404.1567(b) with the following limitations: Plaintiff can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently; Plaintiff can stand or walk for up to 6 hours in an 8-hour workday and sit for 2 to 4 hours in an 8-hour workday, all performed with normal allowable breaks; Plaintiff can use his upper extremities frequently, bilaterally, but can use his lower extremities occasionally, bilaterally; Plaintiff cannot climb ladders, ropes, or scaffolds; Plaintiff can occasionally climb ramps or stairs; Plaintiff can frequently balance, occasionally stoop, never crouch, and occasionally kneel or crawl; Plaintiff can frequently perform gross manipulations and fingering; Plaintiff must avoid all exposure to extreme heat and cold; Plaintiff must avoid all exposure to hazards such as the use of moving machinery and exposure to unprotected heights; Plaintiff is limited to simple, routine tasks in an environment free of fast-paced production requirements; Plaintiff is limited to simple work-related decisions and few changes, if any, that are introduced gradually; Plaintiff is limited to minimal interaction with the public (0% to 6% of the day); and Plaintiff can interact with coworkers occasionally.

The ALJ found that Plaintiff was not capable of performing past relevant work, but that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Therefore, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act.

## II. The Court's Review

In this action, Plaintiff contends that the ALJ improperly relied on the VE's testimony in light of the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). As previously mentioned, the ALJ limited Plaintiff to performing "simple routine tasks in an environment free of fast-paced production requirements" and positions that

involve require "simple work related decisions and few changes, if any, that are introduced gradually." (Tr. at 29.) The ALJ noted that the VE pointed to the jobs of inspector/hand packer, plastic hospital products assembler, and cleaner and polisher. The first two of these jobs require a reasoning level of two, or the ability to "[a]pply commonsense understanding to carry out details but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." In this action, Plaintiff argues that there is a discrepancy between the requirements for these positions as set forth in the DOT and the VE's testimony that Plaintiff could perform these jobs with the RFC assigned to Plaintiff by the ALJ.

Although the VE indicated that his testimony did not conflict with the DOT, the Magistrate Judge agreed with Plaintiff that, pursuant to the Fourth Circuit's decision in *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. April 5, 2016), and other cases from this District, there is an apparent conflict between jobs that require a reasoning level of two and an RFC limitation to simple, routine tasks and simple, work-related decisions. The Magistrate Judge also agreed with Plaintiff that the ALJ had the burden of identifying this conflict between the VE's testimony and the DOT and then eliciting an explanation for the conflict, which the ALJ failed to do. Accordingly, the Magistrate Judge recommended that the Court remand the action for the ALJ to obtain testimony from the VE in compliance with Social Security Ruling 00-4p with regard to the apparent conflict between the reasoning levels required for the jobs identified by the VE and the RFC limitations imposed by the ALJ. In addition, the Magistrate Judge determined that remand is required for further consideration of Plaintiff's ability to perform the third job identified–cleaner and polisher–because although the DOT defines the job as requiring a reasoning level of one,

6

the DOT also defines the position as requiring constant handling and constant reaching, while the RFC assigned to Plaintiff by the ALJ limited Plaintiff to use of his upper extremities "frequently, bilaterally."

In her objections to the Report, Defendant contends that the Magistrate Judge misapplied the Fourth Circuit's decision in *Henderson*. According to Defendant, *Henderson* involved an apparent conflict between jobs that require a reasoning level of two and an RFC limitation to *one-to-two step tasks*, and not the less restrictive RFC limitation to simple, routine work. In support, Defendant notes that the court in *Henderson* relied on *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1004 (9th Cir. 2015), a case where the Ninth Circuit explained that the ALJ "did not merely restrict Rounds to 'simple' or 'repetitive' tasks," but instead "expressly limited her to "one to two step tasks." In *Rounds*, the Ninth Circuit ultimately determined that remand was in order because the ALJ did not recognize the apparent conflict between Rounds' RFC and the demands of level two reasoning. 807 F.3d at 1004. The court in *Rounds* also cited other appellate authority holding that an "RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning." *See id.* At 1004, n. 6 (citing *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); and *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004)). Accordingly, Defendant asserts that the Magistrate Judge overreached when determining that an apparent conflict exists between jobs requiring level two reasoning an RFC limitation to simple, routine tasks. In addition, Defendant asserts that there is no conflict between Plaintiff's RFC and the job of cleaner and polisher because the DOT is silent on whether constant handling requires both hands

7

to constantly handle or a total of constantly handling by alternating hands.

In response to Defendant's objections, Plaintiff correctly points out that although there is a split in authority on the issue, the majority of courts in this District have applied *Henderson* to hold that there is an apparent conflict between jobs that require level two and three reasoning and RFC limitations like Plaintiff's. As Judge Duffy recently explained in *Iliescu v. Berryhill*:

> In *Christopherson v. Colvin*, this Court held that "simple, routine, and repetitive tasks" were in conflict with the level two and level three jobs cited by the VE and relied on by the ALJ. No. 6:15-cv-4725-JMC-KFM, 2016 WL 7223283, at *8 (D.S.C. Nov. 18, 2016), adopted by 2016 WL 7212785 (D.S.C. Dec. 13, 2016). The court remanded for resolution of the apparent conflict. *Id.* at *9. Similarly, in *Piner v. Berryhill*, this Court explained that an RFC limitation to "simple, routine tasks"—an RFC nearly identical to Plaintiff's limitation of "simple, routine work"—is "more consistent with GED reasoning level one than two or three because the abilities to perform simple tasks and to make simple work-related decisions . . . are similar to the provision for applying commonsense understanding to carry out simple instructions at GED reasoning level one." No. 1:17-cv-317-TMC-SVH, 2017 WL 4712084, at *14 (D.S.C. Sept. 28, 2017), adopted by 2017 WL 4682004 (D.S.C. Oct. 18, 2017). Again, the court remanded so that the ALJ could address the apparent conflict. *Id.* at *15; *see also Pressley v. Berryhill*, No. 8:16-cv-2716-BHH-JDA, 2017 WL 4174780, at *10-11 (D.S.C. Aug. 24, 2017), adopted by 2017 WL 4156460 (D.S.C. Sept. 19, 2017) (remanding to resolve apparent conflict between "simple, routine, and repetitive tasks" and VE testimony regarding level two and three jobs); *Watts v. Berryhill*, No. 1:17-cv-127-RMG-SVH, 2017 WL 4325685, at *12 (D.S.C. Sept. 12, 2017), adopted by 2017 WL 4296722 (D.S.C. Sept. 26, 2017) (remanding to resolve conflict between "simple routine tasks in a low-stress environment" and level two and three jobs); *Watson v. Colvin*, No. 0:15-cv-4935-RBH-PJG, 2017 WL 694645, at *5 (D.S.C. Feb. 22, 2017) (remanding to resolve conflict with "simple, routine, repetitive tasks, which must be performed in a low stress, predictable work environment" and level two and three jobs).

2018 WL 2173793, * (D.S.C. May 11, 2018). And while Defendant is correct that other courts, including other district courts in the Fourth Circuit, have reached different

8

conclusions on this issue,[1] the Court finds that the Magistrate Judge's recommendation is consistent with this District's application of *Henderson,* and that remand is therefore in order so the ALJ can resolve the apparent conflict between Plaintiff's RFC and the VE's explanation of jobs available to her.

In addition, with respect to Plaintiff's ability to perform the third job identified–cleaner and polisher–the Court agrees with the Magistrate Judge that it is not clear from the ALJ's decision that by limiting Plaintiff to frequent handling, bilaterally, that what the ALJ meant was that Plaintiff could use his upper extremities constantly. As the Magistrate Judge noted, "The undersigned cannot ignore the ALJ's specific inclusion of the language 'bilaterally' and assume that the ALJ actually meant that the Plaintiff could perform reaching at a constant level by alternating use of his upper extremities." (ECF No. 19 at 12.) Accordingly, the Court also agrees with the Magistrate Judge's finding that remand is further required with regard to the third identified job based on Plaintiff's RFC restrictions on the use of his upper extremities.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 19) is adopted and specifically incorporated herein; the Commissioner's objections (ECF No. 21) are overruled; and the Commissioner's final decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the

---

[1] *See, e.g.*, *Roundtree v. Berryhill*, 2017 WL 398368, at *3 (E.D.N.C. Jan. 30, 2017), and *Street v. Berryhill*, No. 1:17-cv-204-FDW, 2018 WL 1935866, at *6 (W.D.N.C. April 24, 2018).

Commissioner for further administrative action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

October 16, 2018
Charleston, South Carolina